STATE ex rel. John W. WOLFNER and
Margaret F. Wolfner, Relators,

v.

Honorable Donald DALTON, Judge,
Circuit Court, St. Charles
County, Respondent.

No. 79829.

Supreme Court of Missouri,
En Banc.

Nov. 25, 1997.

John T. Walsh, Emily A. Kirk, St. Louis,
for Relators.

Matthew J. Fairless, John Hannegan,
Keith W. Hazelwood, Stephen Martin, St.
Charles, for Respondent.

PRICE, Judge.

On December 13, 1996, the trial court entered a Stipulation and Consent Judgment on one count of a multiple count lawsuit arising out of a dispute over a private road. On December 17, 1996, plaintiffs filed a dismissal of the remaining counts. On February 13, 1997, three non-parties filed a motion to set aside the Stipulation and Consent Judgment and for leave to file an answer, counterclaim, and cross-claim so they could litigate their respective rights in the road. The trial court granted the motions. We entered our preliminary order in prohibition, which we now make absolute, because the consent judgment had become final and the trial court lost jurisdiction to take any further action in the case.

## I.

John and Margaret Wolfner (Wolfners) owned a piece of land located beside Highway DD in St. Charles County. In the late 1970s, the Wolfners divided the land and developed the parcel of land closest to the highway into a housing subdivision. In connection with the development of the subdivision, a Trust Agreement and Indenture of Restrictions was filed with St. Charles Coun-

ty. Access to the homes built in the subdivision was to be by a private road, Wilderness Lane. Apparently by oversight, the road was omitted from the conveyance.

Later, in 1980, the Wolfners sold the second parcel of land to Peggy Coleman. In the deed, the Wolfners granted Coleman an easement to use Wilderness Lane. Coleman, in turn, granted a part of her land to her son-in-law and daughter, James and Margaret Marden, for them to use as a home site. An issue arose as to the easement and the Wolfners granted a new easement deed to Coleman in 1994.

On August 2, 1996, the trustees of the Wilderness Subdivision filed a multiple count lawsuit against the Wolfners. One of the counts of the lawsuit sought to quiet title to the streets in the subdivision. Neither Peggy Coleman nor the Mardens were made parties to the suit.

Two documents were filed in the suit on behalf of Peggy Coleman and James and Margaret Marden on October 4, 1996. Although the documents were respectively titled as Motion to Intervene As A Party Defendant and Motion To Intervene As Parties Defendant, neither motion included any pleading setting forth the claims or defenses that Coleman or the Mardens wanted to assert in the lawsuit, as required by Rule 52.12(c) of the Missouri Rules of Civil Procedure.[1] On November 13, 1996, the Wolfners delivered a quit claim deed to the Wilderness trustees concerning Wilderness Lane. On December 13, 1996, the Wolfners and the Wilderness trustees entered into a stipulation and consent judgment purporting to vest fee simple title of the streets of the subdivision, including Wilderness Lane, in the trust-

ees. The trial court entered its order on the Stipulation and Consent Judgment on that same day. On December 17, 1996, the trustees dismissed with prejudice all remaining claims in the lawsuit. Coleman and the Mardens were not provided notice of the Stipulation and Consent Judgment or of the dismissal.

On February 13, 1997, Coleman and the Mardens filed a motion to set aside the Stipulation and Consent Judgment pursuant to Rule 74.06(b).[2] In the motion, they alleged that the court did not have authority to enter a decree disposing of their rights to the real property in question without having made them parties. On February 19, 1997, Coleman and the Mardens filed an answer, counterclaims, and cross-claims.

After a hearing on February 21, 1997, the trial court granted the motions to intervene and allowed Coleman and the Mardens to file their claims and defenses. We entered our preliminary order in prohibition on April 29, 1997.

## II.

Coleman and the Mardens were never parties in the underlying suit. For whatever reason, the trustees did not include them as party-defendants when the suit was originally filed. Although Coleman and the Mardens did file documents purporting to be motions to intervene, the documents did not include any "pleading setting forth the claim or defense for which intervention is sought" as required by Rule 52.12(c). Neither Coleman and the Mardens nor the parties to the lawsuit sought the court's ruling regarding these documents. We need not speculate in this

---

1. **RULE 52.12 INTERVENTION**
   (c) **Procedure.** A person desiring to intervene shall serve a motion upon all parties affected thereby. The motion shall state the grounds therefor, and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of this state gives a right to intervene.

2. **RULE 74.06 RELIEF FROM JUDGMENT OR ORDER**
   (b) **Excusable Neglect—Fraud—Irregular, Void, or Satisfied Judgment.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

case, and specifically reserve, the effect of a properly filed motion to intervene.

■ On December 13, 1996, the only parties to the case resolved one of the counts of the lawsuit by a stipulation and consent judgment. Because resolution of this count did not resolve the case as a whole, the Stipulation and Consent Judgment was interlocutory and did not "terminate the action". Rule 74.01(b).[3] On December 17, 1996, the plaintiffs dismissed all remaining counts pursuant to Rule 67.02(a).[4] These matters had not come to trial and no evidence had been introduced as to them. This resulted in the Stipulation and Consent Judgment resolving all of the claims between the parties and "terminat[ing]" the action. Rule 74.01(b). Thirty days thereafter, with no further filings by any party or order of the court, the Stipulation and Consent Judgment became final. Rule 75.01.[5] Although Coleman and the Mardens subsequently filed a motion to set the judgment aside pursuant to Rule 74.06(b), no relief could be provided under that rule. The provisions of Rule 74.06(b) are limited to parties. The trial court was without jurisdiction to take any further action.

■ Coleman and the Mardens make three arguments in an attempt to vest jurisdiction in the trial court. First, they argue that they received no notice of the filings, events, and orders that occurred in December 1996. Rule 43.01(a),[6] however, provides no duty to make service upon nonparties.

■ Second, they argue that Rule 67.02(a) only allows for voluntary dismissals without an order of the court "prior to the introduction of evidence at the trial." They contend that because the Stipulation and Consent Judgment was entered that a judicial decision must have been made upon evidence. We need not reach the issue of whether the

### 3. RULE 74.01 JUDGMENT

**(b) Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

### 4. RULE 67.02 VOLUNTARY DISMISSAL— EFFECT OF

(a) Except as provided in Rule 52, a civil action may be dismissed by the plaintiff without order of the court anytime prior to the introduction of evidence at the trial. A party who once so dismisses a civil action and thereafter files another civil action upon the same claim shall be allowed to dismiss the same without prejudice only (1) upon filing a stipulation to that effect signed by the opposing party or (2) on order of the court made on motion in which the ground for dismissal shall be set forth.

### 5. RULE 75.01 JUDGMENTS, CONTROL BY TRIAL COURT

The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time. Not later than thirty days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and every order granting a new trial shall specify the grounds therefor. After the filing of notice of appeal and before the filing of the record on appeal in the appellate court, the trial court, after the expiration of such thirty-day period, may still vacate, amend or modify its judgment upon stipulation of the parties accompanied by a withdrawal of the appeal.

The thirty-day period after entry of judgment for granting a new trial of the court's own initiative is not shortened by the filing of a notice of appeal but is terminated when the record on appeal is filed in the appellate court.

### 6. RULE 43.01 SERVICE OF PLEADINGS AND OTHER PAPERS

**(a) Service—When Required.** Every pleading, subsequent to the original petition, every written motion, other than one that may be heard ex parte, and every written notice, appearance, demand, offer of judgment, order, and similar paper that by statute, court rule or order is required to be served shall be served upon each of the parties affected thereby, but no service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons.

Stipulation and Consent Judgment resulted from the introduction of evidence at trial. Nor need we reach the issue of whether Coleman and the Mardens, as nonparties, have standing to raise that point. The Stipulation and Consent Judgment related only to one count of the lawsuit. It appears from the record that this count was resolved separately from the remaining counts. *See* Rule 74.01(b). There is no indication in the record that there was any introduction of evidence or trial regarding the counts that remained and that were subsequently dismissed.

 Finally, Coleman and the Mardens argue that the result here is inconsistent with *City Investing Company v. Davis*, 334 S.W.2d 63, 68 (Mo.1960). In *City Investing*, the Court noted that real property interests cannot be taken from an individual without joining that individual as a party in the lawsuit. The Court further noted that:

> If it never became apparent that his rights would be affected until the decree was entered, he had the right to intervene under Sec. 507.090, subsection 1(2), which we think should have been sustained.

We agree with the holding in *City Investing*. An individual cannot be divested of any interest in real property without having been a party to the litigation. This justifies adding such an individual to a lawsuit even after a decree has been entered. However, the power of the trial court to do anything in a lawsuit after all issues have been resolved is limited to thirty days, as set out in Rule 75.01.

The quotation relied upon from *City Investing* cites to section 507.090.1(2) for authority. Section 507.090.1(2), superseded by Rule 52.04 and Rule 52.05, provides that such intervention be upon "timely application". The initial documents filed by Coleman and the Mardens were incomplete and ineffective. They were not properly completed, nor called for hearing, until after the Stipulation and Consent Judgment had become final and the trial court had already lost jurisdiction of the case. Coleman's and the Mardens' application was not timely. *City Investing* cannot help them.

Although we suspect that Coleman and the Mardens were indispensable parties to any determination of rights regarding Wilderness Lane, it would not be appropriate for us to speculate as to the practical usefulness of the Stipulation and Consent Judgment entered below. Regardless, the fact remains that Coleman and the Mardens did not effectively apply for intervention until after the judgment had become final and the trial court lost jurisdiction of the case.

Our Preliminary Order in Prohibition is made absolute.

All concur.