Gwen Marie SPICER, Appellant,

v.

DONALD N. SPICER REVOCABLE
LIVING TRUST, et al.,
Respondents.

No. SC 91117.

Supreme Court of Missouri,
En Banc.

March 29, 2011.

Ron Ribaudo, The Ron Ribaudo Law Firm, Valley Park, for Gwen Spicer.

Gregory G. Fenlon, Clayton, for trust and trustee.

WILLIAM RAY PRICE, JR., Chief Justice.

## I. Introduction

Ms. Gwen Marie Spicer ("Appellant") appeals a judgment granting a motion to enforce settlement and ordering her to sign a consent order and judgment. Appellant argues, among other things, that the judgment should be vacated and that the initial judgment in the suit, which was set aside, should be reinstated.

This Court finds that the initial judgment is the final judgment in this case. Because that judgment was not timely appealed, this Court must dismiss the appeal.

## II. Facts and Procedural History

Several years after Appellant and Donald Spicer ("Donald") were married, they purchased real property located at 5367 Southview Hills Court in St. Louis, Missouri.[1] Marital difficulties ensued, causing Appellant to move into a separate home, while Donald continued to reside on the property.

On or about May 31, 2007, Donald executed a General Warranty Deed, purportedly conveying a one-half undivided interest in the property unto the Donald N. Spicer Revocable Living Trust U/T/A dated February 7, 2002. Donald died July 3, 2007, while he and Appellant were still lawfully married. Per the trust provisions, Steven G. Spicer became the successor trustee of the trust.

Appellant filed a petition to quiet title on August 21, 2007, naming the trust as the sole defendant. The petition, in essence, sought to have the deed canceled, alleging that Appellant and Donald had purchased the home as tenants by the entirety and, upon Donald's death, she lawfully became

---

1. Lot 278 of Southview Hills, according to the Plat thereof recorded in Plat Book 256 in the St. Louis County Recorder's Office.

the sole and fee simple owner of the property. Further, Appellant maintained that she had never executed a marital waiver, consent, conveyance or the like in connection with the property. Counsel entered and filed an answer on the trust's behalf, stipulating to the bulk of Appellant's petition, but contending that the deed effectively operated as a unilateral termination of the tenancy by the entirety.

Three months later, Appellant filed a motion for summary judgment, praying that the deed be canceled and that the trust be required to pay her attorney's fees and court costs. The trial court granted Appellant's motion on January 22, 2008, ordering the deed be canceled, while crossing-out the provision in the judgment awarding attorney's fees and court costs ("Judgment I").

Sixteen days later, the trustee, who was not named in the pleadings, filed a "Motion of Trustee, Appearing by Special Appearance, to Set Aside Judgment and to Dismiss for Lack of Jurisdiction" (the "Trustee's Motion"). The Trustee's Motion asserted that "the only defendant before the [c]ourt is the trust named by Plaintiff." As such, the Trustee's Motion argued that the trust was not a legal entity capable of being sued and that the failure to either name the trustee or the beneficiaries as parties, who the trustee alleged were necessary parties, was a jurisdictional defect in the case.

On February 25, 2008, 34 days after Judgment I's entry, the court granted the Trustee's Motion to set aside Judgment I, but declined to dismiss the case for lack of jurisdiction. Additionally, the court ordered Appellant to amend her pleadings to include the trustee. After Appellant filed amended pleadings to include the trustee and certain beneficiaries of the trust, the case proceeded.[2]

Just before trial was to commence, attorneys for both sides engaged in a series of settlement negotiations. Although a purported settlement was reached between the attorneys, Appellant denied its validity. The trustee and his accompanying defendants filed a motion to enforce the alleged settlement. After an evidentiary hearing, the trial court found that the parties had reached a valid settlement. Accordingly, on June 24, 2009, the trial court ordered the parties to sign a consent order and judgment. To date, the consent judgment has not been signed. Appellant filed a motion to stay the judgment, which was granted, and, on August 27, 2009, Appellant filed a notice of appeal.

### III. Standard of Review

■ "In all appeals, this Court is required to examine its jurisdiction *sua sponte*." *In re Marriage of Werths*, 33 S.W.3d 541, 542 (Mo. banc 2000)

### IV. Rules 75.01 and 81.05 Provide for Finality of Judgments and Timeliness of Appeals

■ Rule 75.01 provides that "the trial court retains control over judgments during the 30–day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend or modify its judgments within that time period."[3] After the expiration of the 30 days

---

2. The trust, the trustee and certain beneficiaries of the trust, Robert Spicer and Debra Pauli, are referred to collectively as the "Respondents."

3. **RULE 75.01 JUDGMENTS, CONTROL BY TRIAL COURT**
The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause,

provided by Rule 75.01, the trial court is divested of jurisdiction, unless *a party* timely files an authorized after-trial motion.[4] (emphasis added) *See* Rule 81.05; *Sprung v. Negwer Materials, Inc.,* 727 S.W.2d 883, 886 (Mo. banc 1987) (per curiam). Following divestiture, any attempt by the trial court to continue to exhibit authority over the case, whether by amending the judgment or entering subsequent judgments, is void. *See State ex rel. Berbiglia, Inc. v. Randall,* 423 S.W.2d 765, 769 (Mo. banc 1968); *State ex rel. Lafayette County Comm'n v. Ravenhill,* 776 S.W.2d 17, 20 (Mo. banc 1989). However, "[w]here the 'judgment' in question is not final, Rule 75.01 does not apply ... and the trial court retains jurisdiction to enter a final judgment." *Williams v. Williams,* 41 S.W.3d 877, 878 (Mo. banc 2001) (citations omitted).[5]

### A. Judgment I was a Final Judgment

 "If an intended judgment does not dispose of all issues and all parties in the case or does not form a final disposition of the matter it is not a final, appealable judgment...." *Avidan v. Transit Cas. Co.,* 20 S.W.3d 521, 523 (Mo. banc 2000) (quoting *Wallace v. Hankins,* 541 S.W.2d 82, 84 (Mo.App.1976)). To that end, "it is well established that a judgment or decree in a quiet title action must affirmatively adjudge the title of the several parties." *Harrington v. Muzzy,* 258 S.W.2d 637, 638 (Mo. banc 1953)

The instant case is predicated on a quiet title action, in which Appellant petitioned for the deed to be canceled and the trust to pay attorney's fees and court costs. Judgment I disposed of all the issues and parties in the action, ordering that the deed be canceled and denying Appellant's request for attorney's fees and court costs. As the deed was the only impediment to Appellant's absolute claim to title, cancellation of the deed adjudged the title of the several parties. There was nothing left

---

vacate, reopen, correct, amend, or modify its judgment within that time. Not later than thirty days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and every order granting a new trial shall specify the grounds therefor. After the filing of notice of appeal and before the filing of the record on appeal in the appellate court, the trial court, after the expiration of such thirty-day period, may still vacate, amend or modify its judgment upon stipulation of the parties accompanied by a withdrawal of the appeal. The thirty-day period after entry of judgment for granting a new trial of the court's own initiative is not shortened by the filing of a notice of appeal but is terminated when the record on appeal is filed in the appellate court.

**4. RULE 81.05 JUDGMENTS, WHEN FINAL—PREMATURE FILING OF NOTICE OF APPEAL—COMPUTATION OF TIME**

(a) **Finality as Affected by After–Trial Motions.** For the purpose of ascertaining the time within which an appeal may be taken:

(1) A judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed.

(2) If a party timely files an authorized after-trial motion, the judgment becomes final at the earlier of the following:

(A) Ninety days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled; or

(B) If all motions have been ruled, then the date of ruling of the last motion to be ruled or thirty days after entry of judgment, whichever is later

...

5. The Court's decision on subject matter jurisdiction in *J.C.W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249 (Mo. banc 2009) does not affect the use of the term "jurisdiction" in this case, which concerns whether jurisdiction is vested in the circuit court or the appellate court after the timely filing of an appeal or the expiration of the time for appeal. There are limited circumstances when the circuit court has jurisdiction to act after appeal. *See,* for instance, Rule 81.10.

for the court to do and, accordingly, Judgment I formed a final disposition of the quiet title action.

Respondents' contention that the issue of attorney's fees remained outstanding is without merit. The trial court chose not to award Appellant attorney's fees and court costs, by crossing-out that provision in the judgment and placing the judge's signature next to it.

### B. The Trial Court Lost Jurisdiction Over the Case

■ Judgment I was entered January 22, 2008. Because it was a final judgment, the trial court lost jurisdiction over the case 30 days after its entry. *See* Rules 75.01 and 81.05(a)(1); *Sprung*, 727 S.W.2d at 886. On February 25, 2008, the court had no authority to set aside Judgment I.

Respondents argue that the Trustee's Motion, filed 16 days after Judgment I's entry, constituted an authorized after-trial motion, permitting the trial court to set aside Judgment I in excess of 30 days after its entry. Pursuant to Rule 81.05(a)(2), "the timely filing of either a motion for a new trial or an 'authorized after-trial motion' extends a trial court's jurisdiction for up to ninety days after the filing of the motion." *Massman Const. Co. v. Missouri Highway & Transp. Comm'n*, 914 S.W.2d 801, 802 (Mo. banc 1996); *accord* Rule 81.05(a)(2). The provisions of Rule 81.05 are, however, expressly limited to parties. Rule 81.05 ("If a *party* files an authorized-after trial motion ..."); *Cf. State ex rel. Wolfner v. Dalton*, 955 S.W.2d 928, 930 (Mo. banc 1997).

The trustee clearly was not a party to the lawsuit. Until the trustee's Motion was filed, neither the trustee's name nor any reference to him appeared in the petition or the pleadings. The Trustee's Motion itself acknowledges that "the only defendant before the [c]ourt is the trust named by Plaintiff."

*Wolfner* is analogous. 955 S.W.2d 928. In *Wolfner*, parties to a quiet title action commenced an original proceeding in prohibition to prevent enforcement of an order granting nonparties' Rule 74.06(b) motion to set aside the judgment. *Id.* Among other things, the nonparties claimed an interest in the property and alleged they had filed motions to intervene that had yet to be called for hearing. This Court held no relief could be afforded under Rule 74.06(b) because its provisions "are limited to parties." *Id.* at 930. This Court went on to explain that the purported motions to intervene "were not properly completed, nor called for hearing, until after the [judgment] had become final and the trial court had already lost jurisdiction of the case." *Id.* at 929–31. Specifically, this Court noted that:

> An individual cannot be divested of any interest in real property without having been a party to the litigation. This justifies adding such an individual to a lawsuit even after a decree has been entered. However, the power of the trial court to do anything in a lawsuit after all issues have been resolved is limited to thirty days, as set out in Rule 75.01.

*Id.* at 931.

■ Just as *Wolfner* interpreted Rule 74.06(b) to be limited to parties, it is equally clear that only a party may trigger the extension of the trial court's jurisdiction permitted under Rule 81.05(a)(2). Pursuant to Rule 81.05(a)(1), because no party filed an authorized post-trial motion, Judgment I became final and appealable after 30 days.

Respondents' argument that the Trustee's Motion operated as a motion to intervene does not help. The Trustee's Motion was not ruled on until February 25, 2008, after the trial court lost jurisdiction. *See Wolfner*, 955 S.W.2d at 931.

■ By February 25, 2008, the trial court was divested of jurisdiction in the

case and lacked the authority to set aside Judgment I. "The court cannot, by its subsequent action, divest a decree of its character of finality." *Randall*, 423 S.W.2d at 769. To the extent that Appellant raises issues relating to orders or judgments entered after Judgment I, the trial court was without jurisdiction to enter them and, therefore, those orders and judgments are void. *See Id; Ravenhill*, 776 S.W.2d at 20.

## V. This Court has No Appellate Jurisdiction Over the Appeal

■ "Timely filing of a notice of appeal is jurisdictional." *Berger v. Cameron Mut. Ins. Co.*, 173 S.W.3d 639, 640 (Mo. banc 2005). "*No such appeal shall be effective* unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final." [6] Section 512.050, RSMo 2000 (emphasis added); Rule 81.04(a); *See Taylor v. United Parcel Service, Inc.*, 854 S.W.2d 390, 392 (Mo. banc 1993). Although not applicable here, in civil cases, a party may seek a special order, pursuant to section 512.060, RSMo 2000 and Rule 81.07(a), permitting a late filing of the notice of appeal within six months from the date the judgment appealed from becomes final.[7] "If a notice of appeal is untimely, the appellate court is without jurisdiction and must dismiss the appeal." *Popular Leasing USA, Inc. v. Universal Art Corp. of*

**6. SECTION 512.050 NOTICE OF APPEAL—WHEN FILED—FEE**

When an appeal is permitted by law from a trial court and within the time prescribed, a party or his agent may appeal from a judgment or order by filing with the clerk of the trial court a notice of appeal. No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final.

. . .

**RULE 81.04. APPEALS, WHEN AND HOW TAKEN—CROSS APPEALS—DOCKET FEES**

(a) **Filing The Notice of Appeal.** When an appeal is permitted by law from a trial court, a party may appeal from a judgment or order by filing with the clerk of the trial court a notice of appeal. No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final.

. . .

**7. SECTION 512.060. APPEAL BY SPECIAL ORDER OF COURT**

1. When an appeal is permitted by law from a final judgment in the trial court, but the time prescribed for filing the ordinary notice of appeal with the clerk of the trial court as set forth in section 512.050 has expired, nevertheless a party seeking reversal of such final judgment may file a notice of appeal in the trial court, within six months from the date of

such final judgment, if permitted to do so by a special order of the appropriate appellate court. The special order may be allowed by the appellate court, upon motion and notice to adverse parties, and upon a showing by affidavit, or otherwise, that there is merit in appellant's claim for the special order and that the delay was not due to appellant's culpable negligence. When notified of the issuance of a special order by the appellate court the clerk of the trial court in which the final judgment was entered shall permit the appellant to file a notice of appeal and the appellant shall then proceed to prepare the transcript on appeal as if the appeal had been allowed without a special order.

. . .

**RULE 81.07. WHEN PARTY MAY APPEAL AFTER TIME FOR FILING OF NOTICE HAS EXPIRED**

(a) **Appeal by Special Order—Motion—Notice.** When an appeal is permitted by law from a judgment in the trial court, but the time prescribed for filing an ordinary notice of appeal with the clerk of the trial court as set forth in Rule 81.04 has expired, a party may seek a special order of the appropriate appellate court permitting a late filing of the notice of appeal. The special order may be allowed by the appellate court only upon motion with notice to the adverse parties filed within six months from the date the judgment appealed from became final for purposes of appeal and only upon a showing by affidavit,

*New York,* 57 S.W.3d 875, 877 (Mo.App. 2001) (where claim that trial court lacked personal jurisdiction over the suit was dismissed because appeal was untimely); *accord Goldberg v. Mos,* 631 S.W.2d 342, 345 (Mo.1982); *Foster v. State,* 590 S.W.2d 912, 914 (Mo. banc 1979).

In the case at hand, the notice of appeal was filed in excess of a year after Judgment I became a final, appealable judgment; accordingly, such notice was untimely. This Court is without jurisdiction and must dismiss the appeal.[8]

## VI. Conclusion

Judgment I is the final judgment in this case. As the appeal before this Court is untimely, the appeal must be dismissed.

All concur.

---

or otherwise, that the delay was not due to appellant's culpable negligence. A copy of the judgment from which the appeal is sought shall be attached to any such motion. When notified of the issuance of a special order by the appellate court, the clerk of the trial court in which the judgment was entered shall permit the appellant to file a notice of appeal within ten days after such notification, or such other time as specified in the order, and the appellant shall then proceed to prepare the record on appeal as if the appeal had been allowed without a special order. . . .

8. This Court does not speculate as to the practical usefulness of a final judgment against the trust, not the trustee.