Kenneth D. GOINS, Appellant,

v.

Lori D. GOINS, Respondent.

No. SC 92672.

Supreme Court of Missouri,
En Banc.

July 16, 2013.

Rehearing Denied Oct. 1, 2013.

See 224 S.W.3d 69 and 369 S.W.3d 758.

Kenneth Goins, St. Louis, pro se.

Lori Goins did not submit an argument.

RICHARD B. TEITELMAN, Judge.

Kenneth Goins appeals from a judgment entered pursuant to section 452.355 requiring him to pay $7,500 for appellate attorney fees incurred by Mr. Goins' former wife, Lori Goins. Mr. Goins asserts that the trial court had no jurisdiction to enter an award of attorney fees, that section 452.355 is unconstitutionally vague, that the attorney fee award is excessive, and that the underlying child support judgment is void.

This Court has ˙ exclusive jurisdiction pursuant to article V, section 3, of the Missouri Constitution because Mr. Goins challenges the constitutional validity of a Missouri statute. The judgment is affirmed.

## I. FACTS

In 2003, the circuit court entered a judgment of dissolution ending Mr. Goins' marriage to Ms. Goins. Mr. Goins was ordered to pay child support and maintenance.

In 2005 and 2006, Mr. Goins filed motions to reduce his child support obligations and to terminate maintenance. In both cases, the trial court reduced Mr. Goins' child support obligations but made no change to the maintenance obligation. The court of appeals affirmed both judgments. *See Goins v. Goins,* 224 S.W.3d 69 (Mo.App.2007); *Goins v. Goins,* 369 S.W.3d 758 (Mo.App.2012).

On February 24, 2012, while Mr. Goins' second appeal was pending, Ms. Goins filed a motion for attorney's fees on appeal pursuant to section 452.355. Ms. Goins alleged that Mr. Goins was an attorney and was representing himself, that Mr. Goins had greater financial resources and that his appellate brief contained twelve points on appeal that were improperly phrased and difficult to analyze, causing her to incur more attorney's fees. Ms. Goins further alleged that as a result, she was substantially less able to pay for her attorney fees and costs than was Mr. Goins.

The matter was heard on May 2, 2012. The trial court ordered Goins to pay $7,500 of Ms. Goins' attorney fees on appeal. Goins appeals that judgment.

## II. Standard of Review

The legal issue of the constitutionality of a statute is reviewed de novo. *City of Arnold v. Tourkakis,* 249 S.W.3d 202, 204 (Mo. banc 2008). A statute's validity is presumed, and a statute will not be declared unconstitutional unless it clearly contravenes some constitutional provision. *Doe v. Phillips,* 194 S.W.3d 833, 841 (Mo. banc 2006).

## III. Subject Matter Jurisdiction

Mr. Goins' first point on appeal asserts that section 452.355 is unconstitutional to the extent that the statute grants the circuit court subject matter jurisdiction to enter an award of attorney fees on appeal while the appeal is pending. Mr. Goins argues that the circuit court's award of appellate attorney fees to Ms. Goins pursuant to section 452.355 is unconstitutional because it amounts to the exercise of appellate jurisdiction by the circuit court. This argument is without merit.

■ In relevant part, section 452.355.1 provides:

[u]nless otherwise indicated, the court from time to time after considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding pursuant to sections 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding and after entry of a final judgment.

"Section 452.355.1 permits the trial court to award attorneys' fees on appeal of a dissolution decree." *Potts v. Potts*, 303 S.W.3d 177, 196 (Mo.App.2010) (quoting *Groenings v. Groenings*, 277 S.W.3d 270, 280 (Mo.App.2008)).

■ The circuit court's award of attorney fees on appeal pursuant to section 452.335 is not an exercise of appellate jurisdiction. The court of appeals exercises general appellate jurisdiction over appeals from circuit court judgments. Mo. Const. art. V, sec. 3. The court of appeals, by virtue of its superintending control over the circuit courts, also has jurisdiction to issue original remedial writs. Mo. Const. art. V, sec. 4. The circuit court's award of attorney fees in this case is not an appeal and it is not a writ. It is, instead, an exercise of the circuit court's "original jurisdiction over all cases and matters, civil and criminal." Mo. Const. art. V, sec. 14(a). Mr. Goins' argument that section 452.355 authorizes an unconstitutional exercise of appellate jurisdiction by the circuit court is without merit.

Mr. Goins also asserts the related argument that the award of attorney fees is unconstitutional because it is only the "appellate court that possesses subject-matter jurisdiction over all matters while a case is on appeal." Mr. Goins concludes that the circuit court's "attempt to conjure up subject matter jurisdiction based upon section 452.355 must fail as a matter of law." Mr. Goins cites this Court's opinion in *Spicer v. Donald N. Spicer Revocable Living Trust*, 336 S.W.3d 466, 468 (Mo. banc 2011), to support his argument.

In *Spicer*, this Court noted that Rule 75.01 provides that "the trial court retains control over judgments during the 30–day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend or modify its judgments within that time period." *Id.* at 468. After the expiration of the 30 days provided by Rule 75.01, the trial court is divested of jurisdiction, unless a party timely files an authorized after-trial motion. *Id.* at 468–469, citing Rule 81.05. Therefore, "[f]ollowing divestiture, any attempt by the trial court to continue to exhibit authority over the case, whether by amending the judgment or entering subsequent judgments, is void." *Id.* at 469.

■ The circuit court's award of attorney fees on appeal does not constitute an amendment of the dissolution judgment or the entry of a new dissolution judgment. Instead, the award of attorney fees in this case relates solely to the collateral matter of Ms. Goins' right to pursue a statutorily authorized award of attorney fees on appeal pursuant to section 452.355. Missouri law has long recognized the validity of this practice because, as established above, the court's appeals' jurisdiction is limited to deciding appeals and issuing original remedial writs. Thus, "the circuit court, and only the circuit court, has jurisdiction to consider and grant" an award of attorney fees pursuant to section 452.355. *Clarke v. Clarke*, 983 S.W.2d 192, 195 (Mo.App.

1998), citing *Cascio v. Cascio*, 485 S.W.2d 857, 861 (Mo.App.1972); *see also McCormack v. McCormack*, 238 S.W.2d 858, 864 (Mo.App.1951); *State ex rel. Clarkson v. St. Louis Court of Appeals*, 88 Mo. 135 (Mo.1885) (appellate court had no jurisdiction in a divorce case pending on appeal to order the husband to pay the wife's costs and attorney's fees on appeal).[1] Mr. Goins' point is denied.

## IV. Section 452.355 is not unconstitutionally vague

■ In his second point, Mr. Goins asserts that section 452.355 is vague because it does not provide notice of the conduct it prohibits or define what must be pleaded and proven in order to justify an award of attorney fees. Mr. Goins argues that the lack of guidance means that different judges will likely award different amounts of attorney fees in essentially identical cases. Mr. Goins concludes that this amounts to unconstitutionally "arbitrary and discriminatory judgments for attorney fees."

■ The void for vagueness doctrine reflects the principle that a statute that either forbids or requires the doing of an act in terms so vague that persons of common intelligence must guess at its meaning and differ as to its interpretation violates the first essential of due process of the law. *Roberts v. United States Jaycees*, 468 U.S. 609, 629, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984). The void for vagueness doctrine ensures that laws give fair and adequate notice of proscribed conduct and protects against arbitrary enforce-

ment. *State v. Pribble*, 285 S.W.3d 310, 314 (Mo. banc 2009). The doctrine applies not only to laws that proscribe conduct, but also to standardless penalties. *Id.*, citing, *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 44, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991). "The test for vagueness is whether the language conveys to a person of ordinary intelligence a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *State v. Brown*, 140 S.W.3d 51 (Mo. banc 2004).

Section 452.355 authorizes the circuit court to award attorney fees while taking into consideration "all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action...." The statute further authorizes the circuit court to award fees for "legal services rendered and costs incurred prior to the commencement of the proceeding and after entry of a final judgment."

The statute provides sufficient guidance so as to allow a person of ordinary intelligence to understand the standards to be applied by the circuit court in making an award of attorney fees. Section 453.355 provides, in clear, concise language, that the circuit court is to consider all relevant factors, including financial resources, the merits of the case, and the conduct of the parties. The "conduct of the parties" is not defined, but given the context of the statute, it is obvious that conduct that would cause the other party to incur more attorney fees is a valid consideration. The

---

**1.** This does not mean that appellate courts have no authority to enter an award of attorney fees on appeal in other cases. Appellate courts have the authority to award attorney fees on appeal but, in most cases, appellate courts remand the case to the trial court because the "trial court is better equipped to

hear evidence and argument on this issue and determine the reasonableness of the fee requested." *Berry v. Volkswagen Group of America, Inc.*, 397 S.W.3d 425, 433 (Mo. banc 2013) (quoting *Rosehill Gardens, Inc. v. Luttrell*, 67 S.W.3d 641, 648 (Mo.App.2002)).

statute is not unconstitutionally vague. This point is denied.

## V. The trial court did not abuse its discretion in awarding attorney fees

In his third point on appeal, Mr. Goins asserts that the circuit court abused its discretion in awarding attorney fees because the award was against the weight of the evidence and he has no financial ability to pay. Specifically, Mr. Goins argues that he should not be required to pay Ms. Goins' attorney fees because his income is less than hers and he is financially responsible for more children than her.

Parties to a domestic relations case are generally responsible for paying their own attorney's fees. *Schubert v. Schubert*, 366 S.W.3d 55, 75 (Mo.App. 2012). As noted above, section 452.355.1 specifically authorizes the circuit court to award attorney's fees after considering "all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action." The trial court has broad discretion in awarding or denying a party's request for attorney's fees, and the Court will not overturn a trial court's order absent a showing that the trial court abused its broad discretion in ordering, or in refusing to order, one party to pay the attorney's fees of the other party. *Schubert*, 366 S.W.3d at 75.

The trial court is considered an expert as to the necessity, reasonableness, and value of attorney's fees for both trial and appellate work. *Id.*, citing *Potts v. Potts*, 303 S.W.3d 177, 196 (Mo.App. 2010). The party seeking attorney's fees on appeal must show the extent of the necessary services to be rendered by counsel and the related expenses. *Id.* The court must consider the financial history of the parties since dissolution, debts of each party, and employment or non-employment income of each party. *Id.* The trial court is considered an expert on attorney's fees and the court's decision is presumptively correct. *Id.* The party contesting the award of fees bears the burden of showing that the trial court abused its discretion. *Id.*

Mr. Goins has not demonstrated that the trial court abused its discretion in awarding Ms. Goins' attorney's fees on appeal. Mr. Goins is a licensed attorney and represented himself on appeal. Ms. Goins, however, had to retain appellate counsel. There is evidence that Mr. Goins has more financial resources than Ms. Goins. The fact that Mr. Goins was able to avoid attorney fees on appeal by representing himself, combined with his greater financial resources, rebuts Mr. Goins' claim that the trial court abused its discretion in awarding attorney fees to Ms. Goins. This point is denied.

## VI. The child support judgment is not "void"

In his final point, Mr. Goins asserts that the judgment ordering him to pay child support is void because it was not based on his actual income, he did not get a hearing on his motion to modify maintenance and the wife's affidavits regarding payments were void. He requests that this Court find that the judgment was void. The circuit court entered a judgment ordering Mr. Goins to pay $1,117.00 per month for the support of his two children. The court of appeals affirmed that judgment. *Goins v. Goins*, 369 S.W.3d 758 (Mo.App.2012). This Court denied transfer.

Courts favor finality of judgments, so the concept of a void judgment is narrowly restricted. *Forsyth Fin. Grp., LLC v. Hayes*, 351 S.W.3d 738, 740 (Mo. App.2011). A judgment is void under Rule

74.06(b)(4) only if the circuit court that rendered it (1) lacked subject matter jurisdiction; (2) lacked personal jurisdiction; or (3) entered the judgment in a manner that violated due process. *Id.* In his point relied on and in the text of his argument, Mr. Goins challenges the sufficiency of the evidence. A challenge to the sufficiency of the evidence does not raise a jurisdictional or constitutional issue that would render a judgment "void." Instead, a challenge to the sufficiency of the evidence is simply an allegation of error that should be raised on appeal. Mr. Goins challenged the sufficiency of the evidence on appeal and lost. This point is denied.

The judgment is affirmed.

All concur.