

# SUPREME COURT OF MISSOURI
## en banc

STATE ex rel. AJKJ, INC.,      )
                                     )
              Relator,     )
                                     )
                                     )     No. SC97461
                                     )
THE HONORABLE CRAIG E.     )
HELLMANN,                   )
                                     )
            Respondent.  )

*Opinion issued June 4, 2019*

## ORIGINAL PROCEEDING IN PROHIBITION

AJKJ, Inc., seeks a permanent writ of prohibition preventing the circuit court from continuing to exercise jurisdiction in the underlying case. The circuit court entered judgment in the matter but then vacated its judgment after sustaining a motion to intervene and motion to set aside filed by non-parties to the underlying action. Because the circuit court lost jurisdiction in the underlying action 30 days after entering final judgment, the court lacked jurisdiction to rule on the motions. The preliminary writ is made permanent.

## Factual and Procedural Background

AJKJ, Inc., and New Sites, LLC, co-developed the Birch Creek subdivision in Franklin County. Sometime after the project began, AJKJ transferred its interest in Birch

Creek to New Sites. New Sites subsequently transferred its interest to Legends Bank, which then conveyed its interest to Bequette Construction, Inc. The deed AJKJ conveyed to New Sites failed to specify the transfer included developer rights.[1]

On June 1, 2018, AJKJ filed a single-count petition against New Sites, Legends Bank, and Bequette Construction seeking to reform the deed conveyed to New Sites. AJKJ sought to reform the deed to specify it did, in fact, transfer developer rights to New Sites.

All defendants filed timely answers, and none filed any counterclaims or crossclaims. On July 13, 2018, the circuit court held a bench trial at which the court heard evidence and took the case under advisement. The circuit court entered judgment on July 19, 2018, finding AJKJ and New Sites omitted the phrase "including developer rights" from the deed by mutual mistake and reforming the deed to specify it transferred developer rights.

On August 14, 2018, Ronald D. Ruff, along with numerous other residents of the Birch Creek subdivision ("Residents"), filed a motion to intervene and a motion to set aside the reformation judgment. The circuit court sustained the motion to intervene and the motion to set aside on September 13, 2018, vacating the reformation judgment.

AJKJ filed a petition for writ of prohibition in the court of appeals, which denied the writ petition. AJKJ then petitioned this Court for a writ of prohibition. This Court issued a preliminary writ and, after briefing and oral argument, makes the writ permanent.

---

[1] In general, "developer rights" are the rights of a subdivision developer to declare covenants for a subdivision that "regulate[] the relationship of the real estate developer to its subdivision, as well as the purchasers of property." *Hellmann v. Sparks*, 500 S.W.3d 252, 259 (Mo. App. 2015).

**Jurisdiction and Standard of Review**

This Court has jurisdiction to issue original remedial writs. MO. CONST. art. V, § 4. "Prohibition is an original proceeding brought to confine a lower court to the proper exercise of its jurisdiction." *State ex rel. Bayer Corp. v. Moriarty*, 536 S.W.3d 227, 230 (Mo. banc 2017). Prohibition is proper to prevent a circuit court from exceeding its jurisdiction. *Id*.

**Analysis**

The sole question in this matter is whether the circuit court possessed jurisdiction to sustain the motion to intervene and motion to set aside judgment on September 13, 2018. Pursuant to Rule 75.01,[2] AJKJ argues the circuit court lacked jurisdiction to consider these motions after August 18, 2018 – 30 days following entry of judgment reforming the deed.

***The circuit court lacked jurisdiction to rule on the motion to intervene***

Entering judgment in a civil case does not immediately divest the circuit court of jurisdiction over an action. Rather, a circuit court "retains control over judgments during the thirty-day period after entry of judgment and may, … for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." Rule 75.01. However, "[a] judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed." Rule 81.05(a)(1).

Only parties may file authorized after-trial motions. *Spicer v. Donald N. Spicer Revocable Living Trust*, 336 S.W.3d 466, 470 (Mo. banc 2011) (holding "[t]he provisions

_____

[2] References are to Missouri Court Rules (2018).

3

of Rule 81.05 are … expressly limited to parties"). When a party files a timely, authorized after-trial motion, the judgment does not become final until either:

> (A) [90] days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled; or (B) If all motions have been ruled, then the date of ruling of the last motion to be ruled or [30] days after entry of judgment, whichever is later.

Rule 81.05(a)(2)(A)-(B). In other words, circuit courts may retain jurisdiction for 90 days after first entering judgment only if a party files an authorized after-trial motion within 30 days after the court enters judgment. *State ex rel. Hawley v. Pilot Travel Ctrs., Inc.*, 558 S.W.3d 22, 27 (Mo. banc 2018).[3]

Here, Residents were not parties to the underlying matter. Yet Residents filed a motion to intervene pursuant to Rule 52.12 and a motion to set aside judgment pursuant to Rule 74.06(b) after the circuit court entered judgment. Motions filed by non-parties are not authorized after-trial motions that extend the circuit court's jurisdiction pursuant to Rule 81.05(a). *Spicer*, 336 S.W.3d at 470. A motion to intervene, therefore, is not an authorized after-trial motion. *See id.*; *see also Taylor v. United Parcel Serv., Inc.*, 854 S.W.2d 390, 392 n.1 (Mo. banc 1993) (recognizing, in general, six authorized after-trial motions: (1) "a motion to dismiss without prejudice after the introduction of evidence is commenced under Rule 67.01;" (2) "a motion for a directed verdict under Rule 72.01(a);" (3) "a motion for judgment notwithstanding the verdict under Rule 72.01(b);" (4) "a motion

---

[3] Even then, "[o]nce the thirty day period in Rule 75.01 expires, a trial court's authority to grant relief is constrained by and limited to the grounds raised in a timely filed, authorized after-trial motion." *Massman Const. Co. v. Mo. Highway & Transp. Comm'n*, 914 S.W.2d 801, 802-03 (Mo. banc 1996).

4

to amend the judgment, Rule 73.01(a)(3);" (5) "a motion for relief from judgment or order under Rule 74.06(a) and (b), but see, Rule 74.06(c);" and (6) "a motion for a new trial under Rule 78"); *Massman,* 914 S.W.2d at 803 (holding a motion for additure was an authorized, after-trial motion because it "operates as … a new trial motion" (internal quotation omitted)).[4] Because a motion to intervene is not an authorized after-trial motion, Residents' motion to intervene did not extend the circuit court's jurisdiction to rule on the motion beyond 30 days after the court entered judgment. *See Spicer*, 336 S.W.3d at 470; *see also* Rule 81.05(a)(2)(A). Rather, the 30-day window prescribed by Rule 75.01 confined the circuit court's jurisdiction, and Rule 81.05(a)(1) dictated when the judgment became final.

Except as authorized by law, a circuit court loses jurisdiction over a case when a judgment becomes final. *Spicer*, 336 S.W.3d at 468-69 (citing Rule 81.05(a)(1)). "Following divestiture, any attempt by the trial court to continue to exhibit authority over the case, whether by amending the judgment or entering subsequent judgments, is void." *Id*. at 469.

Here, the reformation judgment became final pursuant to Rule 81.05(a)(1) on August 18, 2019 – 30 days after the circuit court first entered judgment reforming the deed. The circuit court had no legal basis to take further action after that point. Although Residents filed their motion to intervene during the 30-day window in which the circuit

---

[4] This Court does not presently consider whether *Taylor*'s list of authorized after-trial motions is exhaustive nor whether any other motions may qualify as authorized after-trial motions.

5

court retained jurisdiction, the court did not rule on the motion to intervene until after the 30 days window expired. The circuit court, therefore, lacked jurisdiction to rule on Resident's motion to intervene after the underlying reformation judgment became final. As a result, the court's ruling on Residents' motion to intervene was void.

***The circuit court lacked jurisdiction to grant the motion to set aside judgment***

Residents argue the circuit court possessed jurisdiction to rule on their motions because their motion to set aside judgment pursuant to Rule 74.06(b), filed within 30 days of the entry of judgment, is a timely, authorized after-trial motion, and Rule 81.05 authorizes the circuit court to rule on such motions for 90 days after it first enters judgment. Residents are correct that a Rule 74.06(b) motion to set aside judgment is an authorized after-trial motion. *Taylor*, 854 S.W.2d at 392 n.1. Rule 74.06(b), however, provides, "[t]he court may relieve **a party** or his legal representative from a final judgment or order." Rule 74.06(b) (emphasis added). By its terms, "[t]he provisions of Rule 74.06(b) are limited to parties." *State ex rel. Wolfner v. Dalton*, 955 S.W.2d 928, 930 (Mo. banc 1997). A motion to set aside filed by a non-party pursuant to Rule 74.06(b) is not an authorized after-trial motion that allows a circuit court to modify or set aside a judgment more than 30 days after entry. *See Spicer*, 336 S.W.3d at 470.

The circuit court's ruling on Residents' motion to intervene was void for the reasons explained above. Residents, therefore, never became parties to the reformation action. Although Residents filed a motion to set the judgment aside pursuant to Rule 74.06(b), this rule cannot provide relief to non-parties. *Wolfner*, 955 S.W.2d at 930. Accordingly, Residents' 74.06(b) motion did not extend the circuit court's authority to rule on the motion

6

more than 30 days after entering judgment, and the court lacked jurisdiction to take any further action.

This Court reached the same result in *Wolfner*. There, several non-parties filed a motion to intervene prior to entry of judgment. *Id.* at 929. The circuit court sustained the motion but not within 30 days after entering judgment. *Id*. After the circuit court granted the putative intervening parties' subsequent motion to set aside judgment pursuant to Rule 74.06(b), this Court issued a writ of prohibition, explaining the "provisions of Rule 74.06(b) are limited to parties" and the circuit court "was without jurisdiction to take any further action" after the judgment became final. *Id*. at 930; *see also Pius v. Boyd*, 857 S.W.2d 238, 242 (Mo. App. 1993) (explaining that "once judgment is final, the trial court loses jurisdiction and an application for intervention is precluded because no pending action exists into which the applicant could intervene").

Residents, citing *McCullough v. Commerce Bank, N.A.*, 368 S.W.3d 296 (Mo. App. 2012), contend the circuit court retained jurisdiction to rule on their motion to set aside because Missouri courts treat Rule 74.06(b) motions as independent actions not precluded by the 30-day window of Rule 75.01. But Residents' reliance on this case is misplaced. Importantly, in *McCullough*, a party to the action – the plaintiff in the underlying discrimination action – filed a motion to set aside. *Id*. at 298–99. By contrast, as explained above, Residents were never parties to the reformation action, so they were not entitled to relief pursuant to Rule 74.06(b). Because the provisions of Rule 74.06(b) apply only to parties, Residents' motion to set aside was neither an authorized after-trial motion nor a separate, independent action the circuit court could consider under Rule 74.06(d).

7

Residents also rely on *Nervig v. Workman*, 285 S.W.3d 335 (Mo. App. 2009), and *Kranz v. Centropolis Crusher, Inc.*, 630 S.W.2d 136 (Mo. App. 1982). But those cases are distinguishable from the instant case as well. In both *Nervig,* 285 S.W.3d at 341, and *Kranz*, 630 S.W.140, the court of appeals held the respective circuit courts possessed jurisdiction to grant a motion to intervene more than 30 days after the court entered judgment. But those cases involved the application of Rule 74.05, which governs motions to set aside default judgments, not the application of Rule 74.06, which governs motions to set aside judgments on the merits. *Nervig*, 285 S.W.3d at 341; *Kranz*, 630 S.W.2d 140.

There is a crucial difference between these two rules. Rule 74.05(d) expressly provides, "A motion filed under this Rule 74.05(d), even if filed within 30 days after judgment, is an independent action and not … subject to Rule … 81.05." On the other hand, Rule 74.06(d) "does not limit the power of the court to entertain an independent action to relieve a party from a judgment." In other words, Rule 74.05(d) exempts motions to set aside a default judgment from the time constraints of Rule 81.05, whereas "[a] motion under [74.06](b) does not affect the finality of a judgment or suspend its operation." Rule 74.06(c). Because *Nervig* and *Kranz* involved the application of a different rule to a different set of facts, they are not persuasive.[5]

---

[5] Moreover, exempting motions to set aside default judgment from the time constraints of Rule 81.05 recognizes the disparate interests at stake when it comes to setting aside default judgments versus judgments on the merits. Affording litigants wider latitude to obtain relief from default judgment facilitates "the public policy favoring the resolution of cases on the merits and the distaste our system holds for default judgments." *Brungard v. Risky's, Inc.*, 240 S.W.3d 685, 686 (Mo. banc 2007) (internal quotation omitted). This policy, however, does not translate to scenarios in which litigants seek relief from judgments on the merits because the interest in finality of judgments carries more weight when both sides

**Conclusion**

The reformation judgment became final on August 18, 2018. The circuit court lacked jurisdiction to take any action after that date. Accordingly, the court's subsequent rulings on Residents' motion to intervene and motion to set aside were void. The preliminary writ is made permanent.[6]

_____
W. Brent Powell, Judge


All concur.

---

have had their day in court. *Cf. Sprung v. Negwer Materials, Inc.*, 727 S.W.2d 883, 886 (Mo. banc 1987) ("[A] primary goal of the judicial system is finality." (quoting N. Laughrey, *Default Judgments in Missouri*, 50 MO. L. REV. 841, 843–44 (1985))). "[The] competing goals of efficiency, finality, and justice must be carefully balanced to ensure the public's confidence in the court system." *Id*. at 887.

[6] Residents also filed a motion for leave to file a supplemental appendix or alternatively to strike AJKJ's reply brief. Residents argue AJKJ raised multiple issues in its reply brief that it did not raise in its opening brief. This action, in itself, however, does not violate this Court's briefing rules. The "purpose of a reply brief is to rebut arguments [made] by respondents in their briefs." *Pearman v. Dep't of Soc. Servs.*, 48 S.W.3d 54, 55 (Mo. App. 2001). A relator may not raise new points in a reply brief. *Newsome v. Kan. City, Mo. Sch. Dist.*, 520 S.W.3d 769, 777 n.7 (Mo. banc 2017) (citing Rule 84.13(a)). But because "[t]he respondent's brief may also include additional arguments in support of the judgment that are not raised by the points relied on in the [relator's] brief," Rule 84.04(f), relators are entitled to respond to those new arguments in their reply brief. *See Pearman*, 48 S.W.3d at 55. AJKJ did not attempt to raise any new points in its reply brief. Rather, AJKJ merely responded to Residents' allegations of fraud and their argument that Residents are necessary and indispensable parties, which Residents raised in their respondent's brief pursuant to Rule 84.04(f). The motion is overruled.

9