OPINION
Mary K. Hoff, Judge
Kathryn Love (Mother) and Delores Henry (Grandmother) appeal from the trial court’s judgment dismissing as untimely their wrongful death lawsuit against the St. Louis Board of Police Commissioners and certain St, Louis police officers after Mother’s son, Darrell Williams, Jr., was shot and killed by two officers. We affirm.
Background
On November 18, 2009, Darrell Williams was riding in a car with friends when the police gave chase and ultimately stopped the vehicle using tire spikes, causing the vehicle to spin out of control and flip over. The officers then approached the vehicle and discharged their firearms, killing Darrell and one of his friends.
In January 2010, Grandmother, describing herself as “next of kin,” filed a wrongful death suit alleging that the Respondent officers opened fire on the occupants of the vehicle without cause and with excessive *319 force. Grandmother’s petition did not mention either of Darrell’s parents, who were both incarcerated at the time. Respondents answered the petition, and the parties began discovery. Jury trial dates were set and continued successively from 2011 until 2014. In April 2014, one week before trial, Grandmother dismissed her suit without prejudice.
In August 2014, Mother filed her own wrongful death suit on the same facts. The case was removed to federal court in October and remanded to the state trial court in December. In March 2015, Respondents moved to dismiss Mother’s suit for untimeliness, asserting that the statute of limitations expired in November 2012, three years after Darrell’s death. Grandmother moved to intervene, and the trial court granted that motion. Respondents renewed their motion to dismiss, asserting that Grandmother’s addition as a plaintiff failed to save Mother’s petition from untimeliness under the saving statute (§ 537.100). The trial court granted Respondents’ motion to dismiss, reasoning that Grandmother’s original petition was invalid because she was not an eligible plaintiff in the first instance, so there was nothing for the saving statute to save. This appeal followed.
Standard of Review
We review the trial court’s grant of a motion to dismiss de novo. Grace v. St. Louis County, 348 S.W.3d 120, 124 (Mo. App. E.D. 2011). When reviewing the dismissal of a petition for failure to state a claim, we treat the facts contained in the petition as true and construe them liberally in favor of the plaintiffs, granting the plaintiffs all reasonable inferences therefrom. Id.
Wrongful Death Statute
Section 537.080, creating a cause of action for wrongful death, entitles the following classes of plaintiffs to file the suit:
(1) The spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive;
(2) If there be no persons in class (1) entitled to bring the action, then the brother or sister of the deceased, or their descendants [...];
(3) If there be no persons in class (1) or (2)' entitled to bring the action, then a plaintiff ad litem appointed by the court. [...] Such plaintiff ad litem shall-be some suitable person competent to prosecute such action and whose appointment is requested on behalf of those persons entitled to share in the proceeds of such action.
Section 537.100 imposes a three-year statute of limitations but, in the event of a non-suit, allows an additional year for the filing of a new action. This provision, the saving statute, states:
[I]f any such action shall have been commenced within the time prescribed in this section, and the plaintiff therein take or suffer a nonsuit, or after a verdict for him the judgment be arrested, or after.a judgment for him the same be reversed on appeal or error, such plaintiff may commence a new action from time to time within one year after such nonsuit suffered or such judgment arrested or reversed.
Discussion
The parties dispute whether Grandmother had standing under § 537.080 to bring the original action, i.e., whether her petition was valid in the first instance, which determines whether Mother’s subsequent petition can relate back under the saving statute.
*320 By naming herself “next of kin,” Grandmother evidently attempted to invoke standing as a member of the third plaintiff class. Although Grandmother failed to request appointment as plaintiff ad litem, this particular defect is not necessarily fatal. In Thorson v. Connelly, 248 S.W.3d 592 (Mo. 2008), a grandmother brought a wrongful death suit as plaintiff ad litem but failed to file a formal application for appointment in that capacity until after the statute of limitations had lapsed. The Supreme Court of Missouri held that Thor-son’s appointment could relate back to the original petition because, in the absence of superior plaintiffs, she was a proper third-class plaintiff.
Consistent with Thorson, it is well settled that the re-filing by one proper plaintiff after dismissal by another, or the substitution or joinder of one proper plaintiff with another, after expiration of the statute of limitations but before judgment, relates back to the original petition. See e.g., Denton v. Soonattrukal, 149 S.W.3d 517 (Mo. App. S.D. 2004) (daughter’s action timely under saving statute after dismissal of first action by other daughter), and State ex rel. Stephens v. Henson, 772 S.W.2d 706 (Mo. App. S.D. 1989) (children added as co-plaintiffs in widow’s second suit filed under saving statute). Conversely, it is also well settled that, if the party filing the original petition is a “stranger to the suit” and lacks a legal or beneficial interest in the cause of action, then substitution of the proper plaintiff after expiration of the statute of limitations will not relate back. Thorson, 248 S.W.3d at 595; Forehand v. Hall, 355 S.W.2d 940 (Mo. banc 1962).
The foregoing precedent dictates the result here. Given that DarrelFs surviving parents were superior plaintiffs as members of the first class under § 537.080, Grandmother was not an eligible third-class plaintiff, so her petition was never viable. Consequently, Mother’s subsequent petition cannot relate back to Grandmother’s petition under the saving statute, and the trial court’s judgment must be affirmed. ■
Lisa Van Amburg, Presiding Judge, concurs in a separate opinion.
Coleen Dolan, Judge concurs in opinion of Judge Mary K. Hoff and concurring opinion of Judge Lisa Van Amburg.