

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| **DELORES HENRY,** | ) | *Opinion issued August 13, 2019* |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. SC97385** |
| | ) | |
| **PAUL PIATCHEK, et al.,** | ) | |
| | ) | |
| **Respondents,** | ) | |
| | ) | |
| **DARRELL WILLIAMS, SR.,** | ) | |
| | ) | |
| **Appellant.** | ) | |

### Appeal from the Circuit Court of the City of St. Louis
### The Honorable Rex M. Burlison, Judge

Darrell Williams Sr. appeals from the circuit court's overruling of his Rule 74.06(b) motion to set aside the dismissal of a wrongful death suit filed by his deceased son's grandmother and the overruling of his motion to intervene in that suit. Because he failed to comply with Rule 52.12 governing intervention and his motion was never ruled on prior to the grandmother's voluntary dismissal of her suit, he never became a party to the grandmother's suit. Rule 74.06(b) does not authorize a non-party to file a motion to set aside the judgment. Moreover, there was no judgment to be set aside because the grandmother voluntarily dismissed her suit and that dismissal took effect immediately upon

filing, without order of the court, under Rule 67.02(a). Accordingly, the circuit court did not err in overruling Williams' motion to set aside the dismissal of the grandmother's suit.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

In November 2009, the police shot and killed Darrell Williams[1] after a high-speed chase. Because of the circumstances of the chase, members of Darrell's family were suspicious of wrongdoing by the police. Darrell's grandmother, Delores Henry, quickly filed a petition alleging wrongful death in January 2010. In her petition, Ms. Henry claimed she was Darrell's "next of kin," but that was not the case. Darrell was also survived by his father, Darrell Williams Sr., and his mother, Kathryn Love. The parties agree that, because Darrell's mother and father were alive, under section 537.080,[2] his grandmother was not a proper plaintiff to bring the wrongful death suit. But the grandmother nonetheless filed suit, perhaps because both parents were incarcerated at the time of Darrell's death. The defendants filed an answer to the grandmother's petition, and the case proceeded without addressing her authority to bring suit under section 537.080.[3]

---

[1] For clarity and simplicity, because the relationship of the various parties to the deceased is important, this opinion refers to the deceased as Darrell, to Darrell's father, Darrell Williams Sr., as Mr. Williams or father, to Darrell's grandmother, Delores Henry, as Ms. Henry or grandmother, and to Darrell's mother, Kathryn Love, as Ms. Love or mother.

[2] All statutory references are to RSMo 2000, unless otherwise indicated.

[3] Section 537.080 provides:

> 1. Whenever the death of a person results from any act, … the person or party who … would have been liable if death had not ensued shall be liable in an action for damages, … which damages may be sued for:
> (1) … by the father or mother of the deceased …
> (2)  If there be no persons in class (1) entitled to bring the action, then by the brother or sister of the deceased, or their descendants, …;

Beginning in August 2010, six months after the grandmother filed her suit, and periodically over the next nine months, while incarcerated on unrelated crimes, Mr. Williams sent the court at least six letters. Identifying himself in the letters as Darrell's father, on August 30, 2010, he asked whether a complaint had been filed for his son's death and, if it had, whether the circuit court could provide him with a copy; on November 12, 2010, he asked for a copy of the docket sheet and the contact information for Ms. Henry's attorney; on November 22, 2010, and again on December 16, 2010, he said he wanted to become a plaintiff and asked for the current discovery; and on February 25, 2011, he requested the docket sheet. The record shows each of Mr. Williams' letters was docketed, and the circuit court sent Mr. Williams some of the information he had requested.

Finally, in May 2011, Mr. Williams sent the circuit court a handwritten letter attaching a handwritten motion to join in the grandmother's suit. The motion had the caption to the grandmother's case and, in full, stated:

> Comes now, plaintiff Darrell Williams, pro se, requesting to become a plaintiff in cause #1022-CC00155, for the following reason:
> Plaintiff Darrell Williams Sr[.], is the father of the deceased Darrell Williams Jr.
> Wherefore plaintiff requests that this motion be granted.

While Mr. Williams' motion conveyed his desire to become a plaintiff and should have been understood as an attempt to intervene, it failed to comply with the requirements of Rule 52.12(c), which provides:

> A person desiring to intervene shall serve a motion upon all parties affected thereby. The motion shall state the grounds therefor, and shall be

---

(3) If there be no persons in class (1) or (2) entitled to bring the action, then by a plaintiff ad litem. ….

3

accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of this state gives a right to intervene.

Mr. Williams did not serve his motion on the other parties to the lawsuit, nor was it accompanied by a pleading setting out the claim for which intervention was sought, as required by Rule 52.12(c).

The father did not attempt to correct the deficiencies in his motion in the succeeding three years in which the grandmother's suit was pending prior to April 2014, when, shortly before trial was to occur, the grandmother voluntarily dismissed her suit. Her voluntary dismissal became effective upon filing under Rule 67.02.[4] The father did not argue to the circuit court that he still had a live claim due to his pending motion to intervene, nor did he attempt at any time to get a ruling on the motion or otherwise correct the motion's deficiencies or object to the voluntary dismissal or attempt to appeal it.[5]

By the time the grandmother dismissed her lawsuit, the three-year statute of limitations on the wrongful death claim had run. *§ 537.100.1.* But Rule 67.02(c) provides that a voluntary dismissal under Rule 67.02(a) is without prejudice, and under section 537.100, the grandmother had one year in which to refile her lawsuit because her original

---

[4] Rule 67.02(a) provides in relevant part that:
    (a) … a civil action may be dismissed by the plaintiff without order of the court anytime:
    (1) Prior to the swearing of the jury panel for voir dire examination, or
    (2) In cases tried without a jury, prior to the introduction of evidence at the trial.

[5] This Court is not called upon to reach, and so does not reach, the issue of whether a person who attempts to intervene but whose motion has not been taken up or ruled on prior to a voluntary dismissal has standing to appeal.

4

lawsuit had been timely filed.[6]

While the grandmother did not refile within one year, the mother did attempt to file a wrongful death suit in August 2014, just four months after the grandmother's voluntary dismissal. The mother's suit was dismissed the following year after the defendants filed a motion arguing the mother could not take advantage of the grandmother's right to refile her suit within one year because the mother had not been a party to the prior suit.

The court of appeals affirmed the circuit court's dismissal of the mother's petition in *Love v. Piatchek, 503 S.W.3d 318 (Mo. App. 2016)*. *Love* held that, because the grandmother was never a proper party to bring the wrongful death suit, her suit was a nullity and could not relate back to the grandmother's prior suit or take advantage of the one-year window provided by section 537.100.1. *Id. at 320.*[7] A concurring opinion suggested a better mechanism for seeking relief would have been to seek to set aside the dismissal of the grandmother's original suit under Rule 74.06(b). *Id. at 320 n.1* (Van Amburg, J., concurring).

A few months later, but more than one year after the grandmother voluntarily dismissed her suit, Mr. Williams obtained counsel and filed a Rule 74.06(b)(5) motion to set aside the judgment in the grandmother's original action and to intervene in that suit. Rule 74.06(b) provides in relevant part:

---

[6] Section 537.100.1 provides "if any such action shall have been commenced within the time prescribed in this section, and the plaintiff therein take or suffer a nonsuit, … such plaintiff may commence a new action from time to time within one year after such nonsuit suffered or such judgment arrested or reversed …."

[7] This ruling is not part of this appeal.

> On motion and upon such terms as are just, the court may relieve *a party or his legal representative* from a final judgment or order for the following reasons: … (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, *or it is no longer equitable* that the judgment remain in force.

(Emphasis added). Mr. Williams argued it was not equitable for grandmother's voluntary dismissal to remain in place because he filed a timely motion to intervene in the suit prior to its dismissal and prior to the running of the statute of limitations. He asserted that because under section 537.080, a parent is entitled to sue for his or her unmarried child's death, and because Rule 52.12(a) permitted him to intervene as of right, *see Martin v. Busch, 360 S.W.3d 854, 857 (Mo. App. 2011)*, the circuit court had no authority to do anything other than sustain his motion to intervene. Therefore, he argued, he should be treated as a party just as if he had been granted intervention.

The circuit court held that it had no authority to sustain Mr. Williams' Rule 74.06 motion because grandmother had voluntarily dismissed her suit as permitted by Rule 67.02(a). This meant there was no suit for Mr. Williams to join and no judgment for the circuit court to set aside. Mr. Williams appealed. After decision by the court of appeals, this Court granted transfer. *Mo. Const. art. V, sec. 10.*

## II.    STANDARD OF REVIEW

This Court reviews the overruling of a Rule 74.06(b) motion under the abuse of discretion standard. *In re Marriage of Hendrix, 183 S.W.3d 582, 587 (Mo. banc 2006)*. "This Court interprets its rules by applying the same principles used for interpreting statutes." *In re Hess, 406 S.W.3d 37, 43 (Mo. banc 2013), quoting, Buemi v. Kerckhoff, 359 S.W.3d 16, 20 (Mo. banc 2011)*. "Statutory interpretation is a question of law and is

6

subject to de novo review." *Lindquist v. Mid Am. Orthopaedic Surgery, Inc., 224 S.W.3d 593, 594-95 (Mo. banc 2007).*

### III.  A NON-PARTY CANNOT SEEK TO SET ASIDE A JUDGMENT, NOR IS A VOLUNTARY DISMISSAL A JUDGMENT

Mr. Williams cannot bring a Rule 74.06(b) motion to set aside the grandmother's voluntary dismissal because he was never a party to her suit. Rule 74.06(b) provides, "On motion and upon such terms as are just, the court may relieve *a party or his legal representative* from a final judgment or order …." Rule 74.06(b) by its terms authorizes only parties or their legal representatives to seek relief from a final judgment or order.

This Court's prior cases have held a person who has sought to intervene but whose motion to intervene has not been ruled upon because the person failed to comply with the rules governing such motions has not become a party to the case and, therefore, has no right to file a motion to be relieved of the final judgment. A case almost directly on point is *State ex rel. Wolfner v. Dalton, 955 S.W.2d 928 (Mo. banc 1997)*. In *Wolfner*, three would-be defendants filed a motion to intervene but did not attach a pleading setting forth their claims or defenses as required by Rule 52.12(c) or seek a ruling on their motion, and the circuit court never ruled on it. *Id. at 929*. They were never added as defendants in the suit. A few months later, the existing parties in the suit entered into a stipulation and consent judgment, which the circuit court entered by order that same day. *Id. at 929-30*. Learning of the order, the would-be defendants brought a Rule 74.06(b) motion to set aside the judgment. *Id. at 930*. This Court held the would-be defendants never became parties to the suit because they never filed a proper Rule 52.12(c) motion and, as non-parties, were

not entitled to set aside the judgment under Rule 74.06(b) because "[t]he provisions of Rule 74.06(b) are limited to parties." *Id.*

This Court recently reaffirmed in *State ex rel. AJKJ, Inc. v. Hellmann, 574 S.W.3d 239, 242 (Mo. banc 2019)*, that "[o]nly parties may file authorized after-trial motions." *AJKJ* rejected an attempt by non-parties to file a motion to set aside a judgment, holding "[a] motion to set aside *filed by a non-party* pursuant to Rule 74.06(b) is not an authorized after-trial motion that allows a circuit court to modify or set aside a judgment more than 30 days after entry." *Id. at 243* (emphasis added).

Mr. Williams' case presents a very similar factual scenario. Like those who sought to intervene in *Wolfner*, he failed to comply with the requirements of Rule 52.12(c) governing intervention. He never served his motion on the affected parties. He never attached to his motion any pleadings setting out his claim for which intervention was sought or, indeed, even mentioning the word intervention or the rule governing it. And, while Mr. Williams was proceeding *pro se* and minor procedural variations might be anticipated, this Court has repeatedly held the fact that a litigant is not represented by counsel does not authorize him or her to ignore this Court's procedural rules.[8]

 In any event, even if Rule 74.06 allowed a non-party to move to set aside a

---

[8] *See, e.g., Franklin v. State, 24 S.W.3d 686, 692 (Mo. banc 2000)* ("A defendant who proceeds *pro se* is bound by the same rules as a party represented by counsel."). Mr. Williams contends he cannot be faulted for this failure because he was incarcerated. But, this Court recently reaffirmed that incarcerated persons must be given an opportunity to appear, albeit in many instances by telephone or video conference. *McNeal v. McNeal-Sydnor, 472 S.W.3d 194, 195-96 (Mo. banc 2015)*. His incarceration, therefore, did not preclude him from appearing. He simply never sought to do so or to comply with the requirements of Rule 52.12(c).

judgment, it would not entitle Mr. Williams to relief here. Rule 74.06(b) allows a party to seek relief from "a final judgment or order." In *State ex rel. Henderson v. Asel, 566 S.W.3d 596, 598 (Mo. banc 2019)*, this Court held:

> [A] judgment is a legally enforceable judicial order that fully resolves at least one claim in a lawsuit and establishes all the rights and liabilities of the parties with respect to that claim. *Cf.* Rule 74.01. If a judgment resolves all claims by and against all parties, or it resolves the last such claim and some (but not all) claims have been resolved previously, it is commonly referred to as a "final judgment."

The grandmother voluntarily dismissed her case before the circuit court entered any judgment. As noted earlier, Rule 67.02(a) provides, "a civil action may be dismissed by the plaintiff *without order of the court* anytime: (1) Prior to the swearing of the jury panel for the voir dire examination, or (2) In cases tried without a jury, prior to the introduction of evidence at trial." Once Ms. Henry voluntarily dismissed her case pursuant to Rule 67.02(a), "It is as if the suit had never been brought .... No steps can be taken upon the suit after dismissal .... Any steps taken thereafter are a nullity ...." *State ex rel. Fisher v. McKenzie, 754 S.W.2d 557, 560 (Mo. banc 1988), quoting, Bell v. Kitt, 655 S.W.2d 881, 883 (Mo. App. 1983)* (alterations in original).

Because the grandmother's case was dismissed automatically when she filed her voluntary dismissal, there simply was no judgment or order from which Mr. Williams could seek relief under Rule 74.06(b).

*IV.* *CONCLUSION*

This case is tragic, and not only in the facts of the underlying death. The grandmother was not entitled to file a lawsuit over her grandson's wrongful death. Mr. Williams was entitled to sue and attempted to join the grandmother's suit, but he failed to comply with the strictures of Rule 52.12(c). As a consequence, he never became a party to the only wrongful death suit filed within the statutory time period, nor did the circuit court rule on his motion before the suit was voluntarily dismissed. As a non-party, and because the grandmother's suit was resolved by voluntary dismissal rather than by a judgment, Mr. Williams could not seek to set aside that voluntary dismissal. In these difficult circumstances, the circuit court had no option other than to overrule Mr. Williams' motion to set aside and motion to intervene. Judgment affirmed.

_____
LAURA DENVIR STITH, JUDGE

All concur.